# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| LACOSTA STEELE, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 5:22-00445 |
| ) | |
| SGT. MINOR, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's letter-form Motion to Dismiss and Request for Return of Filing Fee (Document No. 48), filed on September 6, 2024. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURAL BACKGROUND

On October 11, 2022, Plaintiff, acting *pro se*,[1] filed what this Court construed as a Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) Specifically, Plaintiff appeared to allege that staff at the Southern Regional Jail had subjected her to unconstitutional conditions of confinement from October 6, 2021 until June 1, 2022. (Id.) By Order entered on October 13, 2022, the undersigned directed that "if Plaintiff wishes to proceed with her Section 1983 claim, she should amend her Complaint ***to name 'persons' as defendants and state specific facts as to how each defendant violated her constitutional rights***." (Document

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 3.)(emphasis in original). The undersigned further ordered that "Plaintiff shall either pay the filing and administrative fee totaling $402 or file an Application to Proceed Without Prepayment of Fees and Costs." (Id.)

On October 25, 2022, Plaintiff filed her Application to Proceed Without Prepayment of Fees and Costs and Amended Complaint. (Document Nos. 4 and 5.) In her Amended Complaint, Plaintiff named the following as Defendants: (1) Warden, Southern Regional Jail; (2) Sgt. Minor; and (3) C/O Kittle. (Document No. 5.) Plaintiff, however, completely failed to state specific facts as to how each defendant violated her constitutional rights. (Id.) In the "Statement of Claim" section, Plaintiff merely stated "medical neglect, raw sewage, physically assaulted." (Id.)

By Order entered on October 25, 2022, the undersigned notified Plaintiff that the allegations contained in her Amended Complaint were wholly insufficient to state a cognizable claim. (Document No. 6.) The undersigned further directed that "if Plaintiff wishes to proceed with her Section 1983 claim, she should "amend her Complaint to name 'persons' as defendants ***and state specific facts as to how each defendant violated her constitutional rights***."[2] (Id.) On November 3, 2022, Plaintiff filed her Second Amended Complaint naming the following as Defendants: (1) Warden of Southern Regional Jail; (2) C/O Kittle; and (3) Sgt. Minor. (Document No. 7.) Plaintiff, however, again completely failed to state specific facts as to how each defendant violated her constitutional rights. (Id., p. 4.) In the "Statement of Claim" section, Plaintiff merely states "raw sewage, no water, physically assaulted, neglected medical care." (Id.) The undersigned determined that the foregoing was wholly insufficient to state a cognizable claim.

On January 9, 2023, Plaintiff filed what appeared to be additional allegations in support of

---

[2] By Footnote 2, the undersigned noted that Plaintiff indicated that she wished to join a class action lawsuit filed by Zachary Whitten. To the extent Plaintiff was requesting the appointment of counsel, the undersigned notified Plaintiff that there is no constitutional right to appointment of counsel in civil cases and the decision whether to appoint counsel is within the discretion of the Court. To the extent Plaintiff was wanting to personally contact Mr. Whitten regarding the possibility of retaining him as counsel, the Court provided Plaintiff with Mr. Whitten's contact information. (Document No. 6, p. 2, fn. 2.)

her Second Amended Complaint and an Exhibit. (Document No. 8.) These additional allegations again failed to state specific facts as to how each defendant violated Plaintiff's constitutional rights. (Id., pp. 1 – 2.) As an Exhibit, Plaintiff attached a copy of a letter from New, Taylor, & Associates dated December 16, 2022, stating that Plaintiff was a potential party to a class action.[3] (Id., p. 3.) On January 30, 2023, Plaintiff filed what appeared to be Exhibits in Support of her Amended Complaint. (Document No. 9.) Specifically, Plaintiff attached the following: (1) A copy of a letter from New, Taylor & Associates dated November 15, 2022[4] (Id., p. 1); (2) A copy of a letter addressed to an attorney regarding conditions at Southern Regional Jail (Id., p. 2); (3) A copy of an "Inmate Request to Staff" (Id., p. 3); and (4) A copy of a document entitled "Deliberate Intentional Indifference" (Id., p. 4). In February 2023, Plaintiff filed the following Exhibits: (1) A copy of a letter wherein Plaintiff was requesting a sentencing reduction regarding Criminal Action No. 1:21-00187 (Document No. 10); and (2) A copy of Plaintiff's medical and mental health records (Document No. 11-2). On October 3, 2023 and December 4, 2023, Plaintiff filed two letters requesting the status of the "class action." (Document Nos. 13 and 15.)

By Order entered on December 6, 2023, the undersigned notified Plaintiff that the allegations contained in her Second Amended Complaint, additional documentation, and Exhibits were insufficient to state a cognizable claim. (Document No. 17.) The undersigned further directed that "if Plaintiff wishes to proceed with her Section 1983 claim, she should "amend her Complaint to name 'persons' as defendants ***and*** **state specific facts as to how each defendant violated her**

---

[3] In the December 16, 2022 letter from New, Taylor, and Associates, Plaintiff is instructed to "complete the questionnaire and review and execute the engaged agreement." (Document No. 8, p. 3.) Plaintiff was further advised to contact Mr. New's office if she had any questions. (*Id.*)

[4] Plaintiff attaches a copy of a letter from Attorney Stephen P. New dated November 15, 2022, wherein Mr. New states that "New, Taylor & Associates does represent you as a potential class member should the pending class action suit about conditions within the jail go to court." (Document No. 9.) Mr. New, however, notified Plaintiff that "New, Taylor & Associates does not represent you in any matter outside of the pending case concerning conditions at the Southern Regional Jail." (*Id.*)

3

*constitutional rights*."[5] (Id.)(emphasis in original). Finally, the undersigned notified Plaintiff that she was incorrect to the extent Plaintiff believed the above case was a class action suit. (Id., p. 2, fn. 2.) To the extent Plaintiff was represented by New, Taylor, & Associates and wished to know the status of the class action suit, Plaintiff was notified of the law firm's contact information. (Id.) By letter to the Clerk of the Court filed on December 14, 2023, Plaintiff again requested an update on the process of the class action. (Document No. 18.) By letter filed on December 15, 2023, the Clerk's Office notified Plaintiff that it was enclosing a copy of an Order entered on December 6, 2023, that may answer Plaintiff's question. (Document No. 19.)

On December 15, 2023, Plaintiff filed her Final Amended Complaint naming the following as Defendants: (1) Sgt. Minor; (2) CO Grant; (3) CO Kittle; (4) Admin. Staff; (5) Room/Cell Placement Warden; and (6) Medical Staff. (Document No. 20.) Plaintiff alleges that the above Defendants violated her Eighth Amendment rights by subjecting her to unconstitutional conditions of confinement. (Id., pp. 4 – 8.) Plaintiff first alleges that beginning on October 6, 2021, she was quarantined for eleven days in a cell "where the toilet was full of human urine and feces from previous occupants, no shower, [and no] phone." (Id., p. 4.) Plaintiff states that her "first roommate vomited in the floor," and Plaintiff was denied cleaning materials. (Id.) Plaintiff alleges that Defendants Minor, Kittle, and Grant denied Plaintiff and her roommate's request to be moved to a cell with a working toilet. (Id.) Plaintiff explains that she and her roommate could not "use the sink because the water drained into the toilet pushing the mess dangerously closer to overflowing with each attempt to wash [their] hands." (Id.) Plaintiff states that "when the toilet did overflow, [they] were given each a pair of latex gloves, a couple of trash bags, and one spray bottle of cleaner

---

[5] The undersigned further notified Plaintiff as follows: "[I]t will be insufficient for her to simply refer to her prior Complaints (Document Nos. 1, 5, 7), or additional documentation (Document Nos. 8, 9, 10, 11), or to incorporate the same by reference in the Final Amended Complaint. The Final Amended Complaint will supersede all prior Complaints (Document Nos. 1, 5, 7), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (Document No. 17, p. 3.)

after [they] sat with the mess over three hours." (Id., p. 5.) Plaintiff asserts that Defendants Minor, Kittle, and Grant "were all informed of the excrement situation multiple time." (Id.)

Second, Plaintiff alleges that medical staff acted with deliberate indifference concerning her diabetes beginning on or about October 25, 2021. (Id.) Although Plaintiff acknowledges that she was given her Metformin, she complains that her "sugar level was never checked." (Id.) Plaintiff states that on one occasion she "felt very faint and lightheaded." (Id., p. 6.) In response, Plaintiff states that her cellmate pressed the emergency button and informed the correctional officer at approximately 8:30 a.m. that Plaintiff was "very sick." (Id.) Plaintiff complains that her "sugar level" was not check until approximately 12:00 p.m., and it registered "very low" at 52. (Id.) Plaintiff asserts that "[e]ven after this incident, [her] sugar levels were never checked." (Id.) Next, Plaintiff states that she was "given 'treatment' for headlice based on the word of another inmate." (Id.) Plaintiff alleges that she was placed in solitary confinement "until [she] had 'no lice' or [her] head was shaved." (Id.) Plaintiff claims that "no nurse or CO ever checked to verify the inmate's word nor to see if the 'treatment' (a medicine cup ¼ filled for waist length hair) had worked." (Id.) Plaintiff contends that after approximately ten days, she "acquired enough single blade razors" to shave her head and she was finally allowed out of solitary confinement. (Id.)

Third, Plaintiff alleges that Defendants failed to protect Plaintiff from an attack by fellow inmates. (Id., p. 6.) Plaintiff explains that "[d]ue to threats of violence from a group of inmates (collectively) based on [her] charges, [she] requested a move." (Id.) Plaintiff, however, states that the "inmates in the original cellblock (A5) yelled to the new cellblock (A6) inmates to jump [Plaintiff]." (Id., pp. 6 – 7.) Plaintiff contends that she informed Defendant Kittle of the foregoing, but Defendant Kittle "said that was [Plaintiff's] assigned unit." (Id., p. 7.) Plaintiff alleges that she was attacked by six inmates approximately 45 minutes after notifying Defendant Kittle of the threat. (Id.) As a result of the attack, Plaintiff alleges that she suffered broken nose, lips were

5

busted, and her eyes were swollen shut to the point that she could not open them. (Id.) Plaintiff states that she pressed the emergency button requesting to be moved, but the correctional officer informed Plaintiff she would have to wait until count was over. (Id.) Plaintiff contends that "at count time," she informed Defendant Minor that she "was attacked and asked to be moved." (Id.) Plaintiff complains that Defendant Minor refused her request and informed Plaintiff that she "was getting P.C.'d to that same cell." (Id.) Plaintiff states that she then requested that Defendant Minor allow her to be evaluated by a nurse, but "the nurse did not even come to bring [her] medicine." (Id.) Plaintiff states she was alone in her cell for 5 days, and "usually Kittle or Grant was the one to deliver the medicine cup." (Id.) Plaintiff claims that "one time [her] P.C. door was popped (by accident or design)" and she "went to pill line try[ing] to communicate to the nurse [Plaintiff's] concerns about [her] facial injuries." (Id., p. 8.) Plaintiff alleges that when the nurse tried to address her, Defendant Kittle "spoke up and untruthfully said that [Plaintiff] had received medical attention and told [Plaintiff] to go back to [her] cell." (Id.) As relief, Plaintiff requests monetary damages and "time consideration for the eight months spent at Southern Regional Jail." (Id., p. 5.)

By Order entered on February 20, 2024, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Document No. 21.) In granting the foregoing Motion, Plaintiff was specifically notified of the following:

> **NOTICE TO PLAINTIFF: IF YOU DO NOT WISH TO PAY THE FILING FEE AS SET FORTH IN THIS ORDER, YOU MUST NOTIFY THE COURT BY WRITING A LETTER TO THE CLERK AND BY STATING THAT YOU DO NOT WISH TO PROSECUTE THIS CIVIL ACTION. IF YOU WRITE SUCH A LETTER, THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE. YOU MUST SEND THE LETTER WITHIN THIRTY (30) DAYS OF THE DATE OF ENTRY OF THIS ORDER.**

(Id., p. 8.) Finally, the Court further directed that: (1) A copy of the Order granting Plaintiff's Motion to Proceed Without Prepayment of Fees be provided to Mr. New; and (2) Mr. New file a Notice of Appearance if he represented Plaintiff's concerning the claims asserted in her Final

Amended Complaint. (Id., p. 9.) The Clerk's Office issued process the same day. (Document No. 20.)

On March 13, 2024, Defendants Grant and Minor's filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 31 and 32.) Defendants Grant and Minor argue that Plaintiff's claims should be dismissed based on the following: (1) "Plaintiff fails to satisfy Rule 8's pleading requirement" (Document No. 32, p. 5); (2) "Qualified immunity bars § 1983 individual-capacity claims" (Id., pp. 5 – 16); (3) "Sovereign immunity bars § 1983 official-capacity claims" (Id., pp. 16 – 17); (4) "Punitive damages are unrecoverable" (Id., p. 17); and (5) "Plaintiff's claims are barred by the Prison Litigation Reform Act" (Id., pp. 18 – 20). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 15, 2024, advising her of the right to file a response to the Defendants Grant and Minor's Motion to Dismiss. (Document No. 33.)

On March 10, 2024, Defendant Warden filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 34 and 35.) Defendant Warden argues that Plaintiff's claims should be dismissed based on the following: (1) "Jonathan Frame was not the 'Warden' or 'Superintendent' of Southern Regional Jail at any time between October 6, 2021 and June 1, 2022 (at the time of Plaintiff's incarceration and alleged injuries), and is thus, not a properly designated defendant to this action" (Document No. 35, pp. 5 – 7); (2) "Plaintiff's purported 42 U.S.C. § 1983 claims asserted against Mr. Frame in this official capacity fail as a matter of law" (Id., pp. 7 – 10); and (3) "Any 42 U.S.C. § 1983 claim asserted against Mr. Frame in his individual capacity also fails as a matter of law since Plaintiff fails to sufficiently plead a 42 U.S.C. § 1983 claim and Mr. Frame is entitled to qualified immunity" (Id., pp. 10 – 12). Notice pursuant to Roseboro was issued to Plaintiff on March 25, 2024, advising her of the right to file a response to the Defendant Warden's Motion to Dismiss. (Document No. 36.)

On April 4, 2024, Plaintiff filed her letter-form Response to Defendants Grant, Minor, and Frame's Motions to Dismiss. (Document No. 38.) On April 11, 2024, Defendants Grant and Minor filed their Reply. (Document No. 39.) On April 15, 2024, Defendant Warden filed his Reply. (Document No. 41.)

On May 23, 2024, Plaintiff filed the following Exhibits: (1) A copy of a letter from Plaintiff addressed to New, Taylor, & Associates dated May 19, 2024, inquiring "why 20% is being taken from any monies I have & receive towards this class action settlement" with reference to Case No. 5:22-cv-00445 (Document No. 43); and (2) A copy of a letter from Mr. New to Plaintiff dated March 4, 2024, updating Plaintiff as to "the status of the potential class actional settlement" (Document No. 43-1).

On September 6, 2024, Plaintiff filed her letter-form Motion to Dismiss and Request for Return of Filing Fee. (Document No. 48.) In support, Plaintiff first states that she "was unaware of starting an individual lawsuit other than [her]class action on the Southern Regional Jail." (Id., p. 1.) Plaintiff asserts that she does not wish to proceed with the "individual lawsuit," but "continue with the class action with [her] lawyer." (Id.) Next, Plaintiff states that $302 has been taken from her prisoner account as payment of the filing fee for the "individual action." (Id.) Plaintiff states that she would "like that money credited back to [her] account seeing [that she is] no longer proceeding in an individual lawsuit but continuing [the] class action." (Id.) As Exhibits, Plaintiff attaches documentation showing that between April 1, 2024 and September 1, 2024, she paid $302.10 towards the $350 filing fee. (Document No. 48-1.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent

part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that Plaintiff's letter-form Motion to Voluntarily Dismiss should be granted. The undersigned notes that even though Defendants Grant, Minor, and Warden filed Motions to Dismiss, there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motions rely upon the argument that Plaintiff's pleadings were insufficient to state a cognizable claim and that Defendants were entitled to immunity. Considering the second factor, the undersigned notes that there has been no delay or lack of diligence on the part of Plaintiff.

Considering the third factor, Plaintiff sets forth an explanation that she is now aware that she is party to a class action involving claims asserted in the above action. Although Plaintiff was notified multiple times by the undersigned that the above action was not a class action, the undersigned finds that the above explanation is reasonable giving significant weight to Plaintiff's *pro se* status and lack of legal knowledge. As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Defendants. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting the withdrawal and voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

Finally, the undersigned will consider Plaintiff's request for the return of her filing fee. In support, Plaintiff states that she was unaware she was initiating both an individual action and a class action. Giving significant weight to Plaintiff's representations, *pro se* status, and lack of legal knowledge, the undersigned recommends that Plaintiff's request for the return of her partial filing fee ($302.10)[6] be granted and the District Court direct that no additional payments of the previously ordered $350 filing fee be collected in the above action. (See Document No. 21)(Order granting Plaintiff's Motion to Proceed Without Prepayment of Fees and directing that Plaintiff shall pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court

---

[6] At the time of the filing of this PF&R, Plaintiff has paid $302.10 towards the $350 filing fee. (See Document Nos. 40, 42, 44, 45, 47, and 49.)

by the prisoner where Plaintiff is incarcerated); also see Thompson v. Wexford Health Sources, et al., Case No. 2:21-cv-00149 (S.D.W.Va. March 26, 2024)(J. Berger)(granting plaintiff's request for the return of his $71.86 partial filing fee).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion to Dismiss and Request for Return of Filing Fee (Document No. 48), **DENY as moot** Defendants Grant and Minor's Motion to Dismiss (Document No. 31), **DENY as moot** Defendant Warden's Motion to Dismiss (Document No. 34), **DISMISS** Plaintiff's Final Amended Complaint (Document No. 20) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge

Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: September 17, 2024.

Omar J. Aboulhosn
United States Magistrate Judge